IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| VICKI STARK-FITTS | § | |
| VS. | § | CIVIL ACTION NO. 1:21cv356 |
| UNITED STATES OF AMERICA | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Vicki Stark-Fitts, proceeding *pro se*, filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Pending before the court is a motion filed by the government asking that this motion to vacate be dismissed as barred by the applicable statute of limitations.

### Factual Background and Prior Proceedings

In 2013, pursuant to a plea of guilty entered in accordance with a written plea agreement, movant was convicted of violating 18 U.S.C. § 1962(c). She was sentenced to 378 months of imprisonment. Movant did not appeal her conviction or sentence.

Movant subsequently filed a motion to vacate, set aside or correct sentence. The motion to vacate was granted to the extent that movant was permitted to file an out-of-time appeal. On April 27, 2020, after counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), the United States Court of Appeals for the Fifth Circuit dismissed movant's appeal as frivolous. *United States v. Stark-Fitts*, 802 F. App'x 845 (5th Cir. 2020). Movant did not file a petition for writ of *certiorari* with the Supreme Court.

### Analysis

For the reasons set forth below, this motion to vacate is barred by the applicable statute of limitations.

There is a one year statute of limitations for motions to vacate. 28 U.S.C. § 2255(f). The limitations period begins to run from the latest of: (1) the date on which the judgment of conviction became final; (2) the date on which an impediment to filing created by unconstitutional governmental action was removed; (3) the date on which the United States Supreme Court initially recognized the constitutional right if the right is retroactively applicable to case on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through due diligence. *Id*.

Movant's appeal was dismissed as frivolous on April 27, 2020. Her conviction became final, and the period of limitations began to run, 150 days later, on September 24, 2020, when the time period for filing a petition for writ of *certiorari* expired.[1] The period of limitations expired one year later, on September 24, 2021.

Movant's actual motion to vacate was filed on May 26, 2022.[2] It was therefore filed after the applicable period of limitations expired.[3] The motion to dismiss should therefore be granted.

## Recommendation

The government's motion to dismiss (doc. no. 13) should be granted.

---

[1] Normally a criminal defendant has 90 days to file a petition for writ of *certiorari*. However, the Supreme Court extended the time limit for filing a petition for writ of *certiorari* to 150 days during the relevant time period. *See Miscellaneous Order Addressing the Extension of Filing Deadlines [COVID-19]*, 334 F.R.D. 801 (Mar. 19, 2020).

[2] The initial pleading in this matter is a letter motion, dated June 30, 2021, seeking an extension of time to file a motion to vacate. The motion was originally filed in movant's criminal case. The letter motion did not set forth any grounds for review. The court entered an order giving movant 60 days to file her motion to vacate and stating that the order did not constitute an opinion on whether the motion to vacate would be considered timely filed. Movant subsequently filed her motion to vacate. This court lacks jurisdiction to consider the timeliness of a motion to vacate until a motion to vacate setting forth grounds for review is actually filed. *United States v. Bautista*, 548 F. App'x 254 (5th Cir. 2013); *United States v. Leon*, 203 F.3d 162, 163 (2nd Cir. 2000). As a result, the initial pleading in this matter did not halt the running of the period of limitations.

[3] Movant's grounds for review are not based on a retroactively applicable Supreme Court decision or a factual predicate that could not have been discovered earlier through due diligence. Nor has movant asserted there was an unconstitutional governmental impediment to her filing a motion to vacate earlier or demonstrated that she is entitled to equitable tolling.

Objections

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within 14 days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1429 (5th Cir. 1996) *(en banc)*; 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 18th day of July, 2024.

_____
Zack Hawthorn
United States Magistrate Judge