| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

VICKI STARK-FITTS, §
§
      Movant, §
§
*versus* §   CIVIL ACTION NO. 1:21-CV-356
§
UNITED STATES OF AMERICA, §
§
      Respondent. §

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Vicki Stark-Fitts, proceeding *pro se*, filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The court previously referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending that a motion to dismiss filed by the government be granted. The recommendation was based on the conclusion that the motion to vacate was barred by the applicable statute of limitations.

The court has received the Report and Recommendation, along with the record, pleadings, and all available evidence. Movant filed objections. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

The magistrate judge concluded movant filed her motion to vacate more than one year after her conviction became final. Movant does not contest this conclusion. Instead, she contends the period of limitations should not have begun to run until the factual predicate of her claims could have been discovered.

Title 28 U.S.C. § 2255(f)(4) provides that the period of limitations does not begin to run until the factual predicate of a claim could have discovered through due diligence. Movant states her claims of ineffective assistance of counsel rely in part on the Supreme Court's decisions in *Moncrieffe v. Holder,* 560 U.S. 184 (2013), and *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010), and asserts she did not discover these decisions until 2021-2022.

The decisions movant relies on were issued more than seven years before she filed her motion to vacate. As these cases were decisions by the Supreme Court, they could have been discovered through due diligence several years before this motion to vacate was filed. As a result, it cannot be concluded the applicable period of limitations began to run on the date movant discovered the decisions in *Moncrieffe* and *Carachuri-Rosendo*.

Movant also asserts she should be allowed to proceed because she is actually innocent. In *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013), the Supreme Court held that actual innocence may provide a "gateway" for consideration of otherwise time-barred claims. An actual innocence claim requires a movant to support her allegations of constitutional error with new reliable evidence, such as exculpatory scientific evidence, trustworthy eyewitnesses accounts, or critical physical evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The mere allegation of actual innocence is not sufficient. Instead, a movant seeking to avoid a limitations bar must present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial." *McQuiggin*, 569 U.S. at 401. In other words, an actual innocence exception to the limitations bar will only be found if the evidence presented by the movant convinces the court that it is more likely than not that no reasonable jury would have convicted the movant. *Id*. at 395.

Movant states her conviction for violating 18 U.S.C. § 922(g)(1) was based in part on a prior state court conviction for possessing less than one gram of methamphetamine. She asserts that as subsequent court decisions determined her state court conviction no longer qualified as a predicate offense, she is actually innocent of violating Section 922(g)(1).

Movant was originally charged with several offenses. As a result of a plea agreement, she was only convicted of violating 18 U.S.C. § 1962(c). Movant was never charged with violating Section 922(g)(1).

As movant was not convicted of violating Section 922(g)(1), her assertion that she is factually innocent of this offense is irrelevant in this proceeding. Movant has therefore failed to demonstrate she may proceed with this matter through the *McQuiggin* gateway.

Finally, movant states she is entitled to equitable tolling. In *Holland v. Florida*, 560 U.S. 631 (2010), the Supreme Court held that the applicable statute of limitations was subject to equitable tolling in appropriate cases. The Court stated that a movant "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at 649.

Movant asserts she is entitled to equitable tolling because the Bureau of Prisons transferred her during the appeal period from 2021 through February, 2022. She states that after her transfer she did not receive her property and legal materials for three months. Movant states she filed her motion to vacate approximately three months after she received her legal materials.

Pursuant to 28 U.S.C. § 2255(f)(1), movant had 12 months from the date on which her conviction became final to file her motion to vacate. She states she did not have her legal materials for three of those 12 months. As movant had her legal materials for nine months of the

3

applicable period, her contention that she was deprived of her materials for three months does not provide her with a basis for equitable tolling.

## ORDER

Accordingly, movant's objections (#16) to the Report and Recommendation are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge (#15) is **ADOPTED**. The motion to dismiss (#13) is **GRANTED**. An appropriate final judgment will be entered.

Furthermore, the court is of the opinion movant is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the movant need not establish that she would prevail on the merits. Rather, she must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the movant has not shown that the issue of whether her motion to vacate is barred by the applicable statute of limitations is subject to debate among jurists of reason. The factual and legal questions raised by movant have been consistently resolved adversely to her

position and the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

SIGNED at Beaumont, Texas, this 10th day of September, 2024.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE